IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JAMES HILL, Register No. 164548, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-4298-CV-C-NKL |
| | ) | |
| DAVE DORMIRE, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff James Hill, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff filed suit against defendant David Dormire, Superintendent at Missouri State Penitentiary (MSP), claiming that while plaintiff was incarcerated at MSP, he was subjected to a substantial risk of harm by being exposed to environmental contaminants, including water contaminated with lead, sodium, harmful bacteria and rust. He also claims he was exposed to asbestos in the prison power plant during a work assignment in 1991 and to pigeon droppings in the prison. He further alleges that defendant Dormire knew of these conditions and should be held responsible for exposing plaintiff to them.

On September 2, 2005, defendant filed a motion for summary judgment and plaintiff has responded.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

The Department of Corrections must provide inmates within its jurisdiction humane conditions of confinement. Aswegan v. Henry, 49 F.3d 461, 463 (8th Cir. 1995). To make out a claim of a violation of the Eighth Amendment on the grounds that the conditions of plaintiff's confinement violate the Eighth Amendment, plaintiff must show "a serious deprivation of the minimal civilized measure of life's necessities and offending conduct that is wanton." Key v. McKinney, 176 F.3d 1083, 1086 (8th Cir. 1999). Plaintiff must demonstrate that prison officials have been deliberately indifferent to a serious health or safety concern. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

The undisputed evidence is that Mr. Dormire was not appointed as superintendent at MSP until four years after Mr. Hill claims to have been exposed to asbestos. Plaintiff has come forward with no other basis for holding Mr. Dormire responsible for such an incident. Mr. Dormire is, therefore, entitled to summary judgment because there is no basis for holding him liable on that claim.

As to the other claims, plaintiff has come forward with no evidence to show he was ever subjected to a risk of serious harm or that he suffered any adverse consequences from the conditions which he alleges. Plaintiff has come forward with no admissible evidence whatsoever to support his claim that environmental conditions or contaminants at MSP posed an excessive

2

risk of serious harm to his health or safety. He has no evidence that he was ever medically diagnosed as suffering from any medical condition caused by such conditions, there is no evidence that there was ever an outbreak of illness among inmates attributable to environmental conditions, and on the one occasion in October 2003, when water tests revealed potential contamination, the system was immediately shut down and the prison was switched to Jefferson City water until the problem was resolved. Therefore, no reasonable jury could conclude that defendant Dormire was deliberately indifferent to any substantial risk to plaintiff's health due to environmental conditions at MSP and summary judgment should be granted and plaintiff's claims dismissed.

In light of this court's recommendation, plaintiff's motion for declaratory judgment on his claims should be denied.

IT IS, THEREFORE, RECOMMENDED that plaintiff's motion for declaratory judgment be denied [22]. It is further

RECOMMENDED that defendant Dormire's motion for summary judgment be granted and plaintiff's claims be dismissed [23].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. See L.R. 74.1.

Dated this 2nd day of February, 2006, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge